**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

THOMAS CASTAGNA                                  : CIVILACTION NO:
     PLAINTIFF,
V.

SCOTT M. SANSOM, CHIEF OF
POLICE; MICHAEL DEMAINE,
POLICE LIEUTENANT; AND TOWN
OF EAST HARTFORD,
     DEFENDANTS                                  : DECEMBER 15, 2021


**COMPLAINT**


I.     **NATURE OF ACTION**

1.     This is an action for deprivation of civil rights pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution and Connecticut Constitution that secure for the Plaintiff to be free from retaliation for association with his union.  Defendants violated Plaintiff's rights protected by the procedural due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and related torts under the common law of the State of Connecticut. The Plaintiff was subjected to adverse employment actions, and terminated from his position. This action also seeks a declaratory judgment that the Defendants violated Plaintiff's rights to association as protected by the United States Constitution.

II.     **JURISDICTION AND VENUE**

2.     The Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§1331, 1343, and 1367.

3.      Venue is proper within this judicial district pursuant to 28 U.S.C. §1391 because all

        of the events or omissions giving rise to the claims occurred in the State of Connecticut

        and this District.

4.      The Court has personal jurisdiction over the individual defendants because they are

        residents of the State of Connecticut and subject to general jurisdiction in this state

        and because they committed tortious acts, from which this cause of action arises, in

        the State of Connecticut.

## III.      PARTIES

5.      The Plaintiff, THOMAS CASTAGNA ("Castagna" or "plaintiff"), at all times

        mentioned herein, was employed as a police officer for the Town of East Hartford

        Police Department ("EHPD") and is a resident of the State of Connecticut.

6.      The Defendant, SCOTT M. SANSOM ("Sansom"), at all times mentioned herein was

        the Chief of Police of the Town of East Hartford Police Department. He is sued in his

        individual and official capacity.

7.      The Defendant, MICHAEL DEMAINE ("Demaine"), at all times mentioned herein

        was a Police Lieutenant of the Town of East Hartford Police Department.  He is sued

        in his individual and official capacity.

8.      The Defendant, TOWN EAST HARTFORD ("EAST HARTFORD" or "EHPD"),

        was a duly incorporated municipal corporation in the State of Connecticut.


## IV.      FACTS APPLICABLE TO ALL CAUSES OF ACTION

9.      From 2009 to 2019, the plaintiff was the Secretary of the East Hartford Police Officers

        Association ("EHPOA" or "Union"), an elected position in which he represented

police officers in numerous capacities, including representation, grievances, advocacy and the monitoring the collective bargaining agreement.

10.     During his tenure as Secretary the plaintiff was a staunch advocate for the union and advocated for fellow members as he policed the collective bargaining agreement.

11.     Throughout his time as union secretary plaintiff filed grievances on behalf of fellow union member officers, which put him at odds with the EHPD management.

12.     On March 23, 2018, plaintiff complained on behalf of the East Hartford Police Officers Association ("EHPOA"), Grievance # 386-462 with Sansom, alleging that Demaine violated Article IV, Section 4 of the Collective Bargaining Agreement, in that, he has been assigning field training officers beats at roll call, placing them with trainees into districts violating the accepted practice of officers selecting patrol districts by seniority.

13.     Thereafter, beginning on March 25, 2018, plaintiff filed five more grievances alleging the same violation with the last filed on or about June 3, 2018.

14.     All of the above grievances were denied by Sansom at Step 1.

15.     Plaintiff participated and advocated in the process, by being the first to complaint about the aforementioned violations that were subsequently presented at the grievance proceeding.

16.     On May 18, 2018 plaintiff represented the Union at four Step 2 proceedings before the Town of East Hartford Director of Human Resources Santiago Malave and Deputy Police Chiefs Mack Hawkins("Hawkins") and Christopher Davis ("Davis") represented the EHPD.

17.   On June 1, 2018, the EHPOA submitted the grievances as a "Class Action Grievance" regarding Demaine and Sansom's violations with the State of Connecticut Board of Mediation and Arbitration. (Grievances 386-467 to 386-471)

18.   Demaine first became aware of plaintiff's grievance concerning his conduct and violation of the CBA at roll call on or about March 25, 2018.

19.   On March 28, 2018, after learning of plaintiff's grievance advocacy, and in retaliation for plaintiff's complaint filed on behalf of the union, Demaine submitted a disciplinary complaint to Sansom claiming, falsely, that plaintiff was insubordinate. Demaine falsely stated that plaintiff failed to complete "assigned duties directed by Lieutenant Demaine to do so."

20.   On March 28, 2018, Sansom immediately ordered an "Internal Investigation" of Demaine's retaliatory complaint. [IA 18-3].

21.   These were the first in a series of malicious actions by Sansom and Demaine

22.   Thereafter Sansom improperly ordered Demaine to investigate his own complaint against plaintiff. Demaine subsequently found plaintiff guilty of insubordination and Sansom suspended plaintiff for the violation.

23.   On or about October 26, 2018, following a grievance hearing regarding the union grievance. Plaintiff complained on behalf of the union that Demaine lied under oath during the hearing.  This was ignored by defendants.

24.   The Connecticut labor subsequently board found for the union regarding the grievance.

25.   In August 2019 Demaine initiated a practice of calling officers off the street early at the end of their shifts, leaving the town grossly unprotected for the time before the

next shift officers began.  This practice left citizens who might need immediate assistance exposed.

26.     Demaine practice was dangerous and put citizens at risk; it was a policy that impacted public safety and a matter of public concern, telling one officer "once Castagna is gone things will go back to normal".

27.     Plaintiff complained about Demaine's dangerous practice of depleting shifts early to management. Subsequently, on or about January 2020, the unsafe practice stopped.

28.     Sansom and Demaine were aggravated by plaintiff's grievances and complaints and speech concerning public safety filed on behalf of his fellow union members.

29.     Defendants retaliated against plaintiff for his complaint about public safety by initiating further complaints and discipline.

30.     In  the first months of 2020, after his dangerous practice ceased, Demaine initiated more false complains  that led to plaintiff being put on administrative leave while three more investigations against plaintiff were launched.  These were for minor offenses that he left town while on duty, was late for work and left work early and was untruthful.

31.     Demaine and Sansom falsely and maliciously made material misstatements and omitted material facts from their investigation reports and findings.

32.     Plaintiff testified, under oath the aforementioned disciplinary hearing as a union advocate in support of the union and in defiance of the defendants.

33.     On May 1, 2020, Sansom defendants wrongfully terminated Plaintiff for alleged violation of rules. Defendants used pretextual reasons for terminating plaintiff

5

34. Plaintiff was subjected to disparate treatment in the manner and terms of his employment.

35. Other similarly situated persons employed by defendants were treated differently than Plaintiff:

   a. Officer Nestor Caraballo, a former Hartford Police Officer had complaints against him that he did not answer his radio, was at another officers residence in South Windsor when he was supposed to be on duty and had lied to Sergeant Drouin who interviewed him while investigating him. When Sergeant Drouin brought charges against Carabello for lying, defendants instructed him to drop the charge.

   b. Officer Jose Cortes, another former Hartford Police Officer was involved in an on duty motor vehicle accident, but did not report it. When the other vehicle driver reported it to defendants Cortes was interviewed and falsely stated he was not involved in an accident.  After a third interview Cortes admitted he was in the accident, and had lied. Cortes was charged with lying by Lieutenant Connolly but defendants instructed him to drop the charge.

   c. As set forth above, Demaine was charged with lying under oath at a grievance proceeding and defendants ignored the charge.

36. Defendants actions became the catalyst and basis for the following adverse employment actions:

   a. Hostile work environment;
   b. Suspensions;
   c. Denial of his position as a police officer.

37. The defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws,

charter, ordinances, policies, rules, regulations, customs and usages of the State of Connecticut and Town of East Hartford.

38.    The injuries to the plaintiff were the direct and proximate cause of the intentional actions of the defendants, and as a consequence of the defendants actions the plaintiff suffered significant economic harm, humiliation, physical damages, loss of sleep, headaches, pain, embarrassment, loss of sleep, physical pain, loss of enjoyment in life and anxiety, continued irreparable harm to his reputation, lost wages, health and pension time and benefits.

## V.    COUNT ONE- DEPRIVATION OF RIGHTS: FIRST AMENDMENT RETALIATION

39.    Plaintiff realleges all paragraphs as set forth fully herein.

40.    The Plaintiff's complaints, statements on a matter of public concern, and advocacy for the Union were protected by the First Amendment.

41.    Sansom terminated plaintiff in retaliation for his speech on a matter of public concern and advocacy on behalf of the Union.

42.    The Defendants, jointly and severally, operated to deny the plaintiff his rights to protected speech by the mentioned herein adverse employment actions, including his termination, directly causally related to his association and advocacy with the union and was a motivating factor in the defendant's violation of the First Amendment of the United States Constitution.

43.    These actions were in retaliation for plaintiff's protected speech and association, all in violation of the First Amendment to the United States Constitution.

44.    Defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usages of the State of Connecticut.

45.    Defendants' actions were in retaliation for Plaintiff's assertion of rights guaranteed under the aforementioned statutes, policies, laws and the Constitutions of the United States and State of Connecticut.


VI.        **COUNT TWO- DEPRIVATION OF RIGHTS -FOURTEENTH AMENDMENT**


46.    Plaintiff realleges all paragraphs as set forth fully herein.

47.    Defendants violated plaintiff's'rights guaranteed by the Fourteenth Amendment Equal Protection Clause of the United States Constitution.

48.    Plaintiff was treated differently from other similarly situated individuals.

49.    Defendants selectively enforced discipline against plaintiff with malicious intent to injure plaintiff for his exercise of constitutional rights and association with the union.

50.    Defendant maliciously treated plaintiff differently, with no rational basis, from other similarly situated employees based on impermissible consideration with the intent to inhibit and to injure.

51.    Defendants conspired through commission and omission by these acts against plaintiff for his assertion of rights guaranteed under the aforementioned statutes, policies, laws and the Constitutions of the United States and State of Connecticut.

52.    Defendants, by their conduct, violated the plaintiff's Equal Protection rights guaranteed to the plaintiff by the Fourteenth Amendment to the United States Constitution.

## VII.   COUNT THREE-DEPRIVATION OF RIGHTS -TOWN OF EAST HARTFORD

53.   Plaintiff realleges all paragraphs as set forth fully herein.

54.   The actions of the Defendants violated the Plaintiff's First Amendment and Fourteenth Amendment rights.

55.   Sansom as a policy maker, and his subordinates continued the conduct against Plaintiff in furtherance of the practice, custom and procedure of the Town of East Hartford.

56.   Defendants know or should have known this conduct was illegal when they supplanted false information and omitted valid information from their records and documents in order to deny Plaintiff the rights, customs, practices and fairness under Connecticut State Statutes, regulations, policies and the collective bargaining agreement.

57.   The Defendants, jointly and severally, had the legal duty to establish, enforce, direct, supervise, establish and control policies, customs, practices, usages, and procedures.

58.   The Defendants acting within that duty had by various acts of omission and commission fostered and encouraged an atmosphere of lawlessness, repression and a policy, custom and practice of abusive behavior and procedures toward Plaintiff which represented the policy, practice, custom, usage and procedure of the Town of East Hartford, and that Sansom, as policy maker, and his subordinates continued against Plaintiff in furtherance of the practice, custom and procedure of the Town of East Hartford.

59.   These policies were and continue to be used unconstitutionally, illegally, immorally and unethically against Plaintiff, and other similarly situated officers.

60.   The complained of acts represent the official policy of the Town of East Hartford.

**WHEREFORE**, THE PLAINTIFF CLAIMS:

1.  Compensatory money damages from each Defendant;

2.  Punitive damages from each Defendant;

3.  Any and all nominal damages from each Defendant;

4.  Attorney's fees as provided by 42 U.S.C. §§ 1983 and 1988;

5.  Common law attorney's fees;

6.  All costs associated with the bringing of this lawsuit;

7.  Injunctive relief including reinstatement;

8.  Such other relief as in equity may pertain.

## CLAIM FOR A JURY TRIAL

The Plaintiff requests a trial by jury for all issues in this case.

> PLAINTIFF,
> THOMAS CASTAGNA
>
>
> BY:   /S/ *James S. Brewer* ct 07019
>
> _____
> James S. Brewer
> 67 Russ Street
> Hartford, CT 06106
> 860-217-0652
> jbreweratty@gmail.com
> HIS ATTORNEY